```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

DAWN BOYD and CELESTE COLLIER,   *

     Plaintiffs,                 *

vs.                              *
                                      CASE NO. 4:23-CV-94 (CDL)
MUSCOGEE COUNTY GEORGIA and      *
MARK P. JONES,
                                 *
     Defendants.
                                 *
```

O R D E R

Presently pending before the Court is the Columbus Consolidated Government's motion to dismiss. In considering the motion to dismiss, the Court accepts the complaint's factual allegations as true, and the Court must determine whether the complaint contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As discussed below, Plaintiffs' complaint fails to state a claim against the Columbus Consolidated Government, so the motion to dismiss (ECF No. 6) is granted.

DISCUSSION

Plaintiffs brought this action against the Columbus Consolidated Government ("CCG") and Mark Jones, the former

district attorney of the Chattahoochee Judicial Circuit.[1] Plaintiffs are the surviving relatives of Richard Collier, a murder victim. Plaintiffs allege that while Jones was the district attorney, he engaged in witness tampering and other improper conduct during the prosecution of Drevon Johnson, the suspect in Collier's murder. The trial ended in a mistrial. Jones was later indicted on criminal charges and suspended from office. Plaintiffs contend that Jones's conduct weakened the case against Johnson and that as a result Johnson was able to plead guilty to three felony counts, including Collier's murder, and receive a sentence of twenty years, with fifteen to serve.

Plaintiffs, who are represented by counsel, brought this action against CCG and Jones, asserting claims under 42 U.S.C. § 1983 and state law. Plaintiffs contend that CCG and Jones committed substantive due process violations by depriving them of certain crime victims' rights. They also allege that CCG and Jones committed intentional infliction of emotional distress. All of Plaintiffs' claims are based on the acts and omissions of Jones and employees of the Chattahoochee Judicial Circuit District Attorney. CCG moved to dismiss the § 1983 claim against it because

---

[1] Plaintiffs named Muscogee County as a defendant in the complaint. In 1971, the City of Columbus and Muscogee County were consolidated into a single local government entity—CCG. The Court presumes for purposes of this order that Plaintiffs intended to name CCG instead of Muscogee County. Plaintiffs also allege that Jones was "Muscogee County District Attorney," but he was District Attorney for the Chattahoochee Judicial Circuit, which is comprised of six counties, including Muscogee.

2

Plaintiffs did not allege a basis for municipal liability. CCG moved to dismiss the intentional infliction of emotional distress claim based on state law sovereign immunity.

A municipality like CCG can be held liable under § 1983 only if the municipality's custom or practice was the moving force behind a constitutional violation. *Davis v. City of Apopka*, 78 F.4th 1326, 1352 n.7 (11th Cir. 2023). Although municipal liability can be based on a single decision by a municipal official with final policymaking authority, that official must have policymaking authority *for the municipality*. *Id.* Plaintiffs appear to contend that Jones and employees of the Chattahoochee Judicial Circuit District Attorney were CCG policymakers. But in Georgia, a district attorney's function of prosecuting state offenses is a "state-created power" because it is "vested by state law pursuant to state authority." *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 (11th Cir. 1989). Therefore, when circuit district attorneys and members of their staff make decisions on how to conduct the prosecution of a case, they act as final policymakers for the State, not as policymakers for one of the counties in the circuit. *Id.* For these reasons, even if Plaintiffs sufficiently alleged that Jones or members of the district attorney's staff committed a constitutional violation, Plaintiffs did not adequately allege that a *CCG* policy or custom made by a *CCG* final

policymaker was a moving force behind a constitutional violation. Their § 1983 claims against CCG are therefore dismissed.

Plaintiffs' intentional infliction of emotional distress claims against CCG are likewise dismissed. The Georgia Constitution extends sovereign immunity "to the state and all of its departments and agencies." Ga. Const. art. I, § 2, ¶ IX(e). This sovereign immunity also covers counties. *Gilbert v. Richardson*, 452 S.E.2d 476, 484 (Ga. 1994). Under Georgia law, the tort liability of CCG is the same as tort liability applicable to counties. *Bowen v. Columbus*, 349 S.E.2d 740, 741-42 (Ga. 1986) (upholding the amendment to the Columbus charter stating that tort liability "of the consolidated government shall be the tort liability applicable to counties"). Plaintiffs did not allege any facts to suggest that CCG waived sovereign immunity for claims like the ones they assert here. Accordingly, sovereign immunity bars the state law claims Plaintiffs assert against CCG, and those claims are dismissed.

Plaintiffs' claims against Mark Jones in his individual capacity remain pending, but Jones has not yet been served. As Plaintiffs recognize, the time for service under Federal Rule of Civil Procedure 4(m) has expired. The Court granted both of Plaintiffs' motions for an extension of time to serve Jones. Plaintiffs did not file a proof of service by the extended deadline, they did not seek a third extension, and they did not

4

show good cause for the failure to serve Jones by the extended deadline.  Thus, in accordance with Rule 4(m), Plaintiffs' claims against Jones are dismissed without prejudice.

IT IS SO ORDERED, this 17th day of November, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
